Chester *v.* The Kingston Bank.

———————⸺◦●ı———————

CHESTER and others *vs.* THE KINGSTON BANK.

W., being indebted to the K. Bank, borrowed of the plaintiffs their notes, which he left with the bank as collateral security for his indebtedness, with notice to the bank that they were mere accommodation notes.  He also left with the bank, as collateral security for the same debt, a note of S. which was business paper.  Subsequently the bank discounted the S. note for W., and applied the avails towards W.'s debt.  The S. note not being paid when due, it was sued by the bank, and an arrangement was made between the bank and the parties to that note, whereby the note was discharged, and a bond taken in its place.  The bond was conditioned for the payment of a sum certain, at a future day, but was given with a secret agreement that it should be satisfied if the bank should recover of the plaintiffs the debt owing by W.  The bank did so recover of them, and then, on the plaintiffs' requisition, assigned to them the claim against S.  That claim was unavailable to the plaintiffs because the note of S. had been discharged by taking the bond, and the bond was discharged by the subsequent act of the bank.  The plaintiffs having paid their notes in ignorance of the arrangement as to the S. note, brought their suit to recover of the bank the amount due on the S. note.  *Held,* 1. That the bank held the claim on the S. note primarily for their own security, and next for the indemnity of the plaintiffs; and that they had no right so to deal with it as to impair that indemnity.

2. That having impaired the indemnity to which the plaintiffs were entitled, by so treating the S. claim as to make it entirely unavailable to all parties, the bank was bound to account to the plaintiffs for the amount of that claim.

THE opinion of the court states all the material facts, in this case.

*By the Court,* EDMONDS, P. J.   Wilbur, being indebted to the defendant, borrowed of the plaintiffs their notes, which he left with the defendants as collateral security for his indebtedness, with the information that they were mere accommodation notes.   He also left with the defendants as collateral security for the same debt a note of Swift, which was business paper.   Subsequently the defendants discounted the Swift note for Wilbur, and applied the avails towards the debt of Wilbur.   The Swift note not being paid when due, it was sued by the defendants, and an arrangement made between them and the parties to that note, whereby the note was discharged, and a bond taken in its place.   The bond was conditioned for the payment of a sum certain at a future day, but was given with a secret agreement that it should be satisfied, if the defendants should recover the debt against Wilbur of these plaintiffs.   The defendants did so recover of them, and then, on their requisition, assigned to them the claim against Swift.   That claim was unavailable to the plaintiffs, because the note of Swift had been discharged by taking the bond, and the bond was discharged by the subsequent act of the defendants.   The plaintiffs having paid their notes in ignorance of the arrangement as to the Swift note, now bring their suit to recover of the defendants the amount due on the Swift note.

It will be noticed in the outset that the parties to the Swift note have been, by the arrangements which they made with the defendants, entirely discharged from all liability, without having made payment to any one.   And the question is, whether the defendants had a right so to discharge them to the injury not of themselves but of these plaintiffs?   If these plaintiffs had any claim whatever on the Swift note, then the defendants would not have the right so to discharge it at the expense of the plaintiffs.   Now that the plaintiffs had such a claim, is manifest to me from these considerations. 1. The Swift note was business paper, while the notes of the plaintiffs were accommodation paper only.   2. The defendants made the Swift note their own by dis-

Chester *v.* The Kingston Bank.

counting it, and applying the avails in discharge of the liabilities for which the plaintiffs' notes had been left as collateral. 3. The defendants treated the Swift note as their own by abandoning the suit upon it, by discharging it and accepting in its place a bond, which the defendants afterwards by their own act and agreement discharged. 4. The defendants, by assigning to the plaintiffs the claim against Swift, acknowledged that they had an interest in it.

Under these circumstances, it does not lie in the defendants' breast to deny that the plaintiffs had an interest in that claim. They have by their whole conduct conceded that, and it is too late for them now to gainsay it. They therefore held the claim on the Swift note primarily for their own security and next for the indemnity of these plaintiffs, and they had no right so to deal with it as to impair that indemnity. Yet they have so dealt with it, by discharging the note; in taking a higher secu-rity for it; by giving time to the parties to pay it; and by making an arrangement, and subsequently so acting as to absolutely discharge the higher security; or in other words, they have impaired the indemnity to which the plaintiffs had a right, by so dealing with the Swift claim, as to make it entirely unavailable to all parties.

The defendant must therefore account to the plaintiffs for the amount of that claim; and judgment must go for the plaintiffs for that amount and interest, with costs of suit.

[NEW-YORK GENERAL TERM, December 5, 1853. *Edmonds, Mitchell, Edwards* and *Roosevelt,* Justices.]